## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MURLINE, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-1482 |
| | : | |
| AIR CONTACT TRANSPORT, | : | |
| INC., | : | |
| Defendant | : | |

### M E M O R A N D U M

**STENGEL, J.**                                                            **July 24, 2008**

Plaintiff Kevin Murline sues his former employer under the Americans with Disabilities Act ("ADA"),[1] alleging that defendant Air Contact Transport, Inc. ("Air Contact"), terminated his employment because of his diagnosis with Multiple Sclerosis in late 2004. Defendant removed this case from the Court of Common Please of Lehigh County, Pennsylvania, and has now filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and (6). Based on the following discussion, I will grant the motion.

### I.    BACKGROUND[2]

Kevin Murline worked for defendant Air Contact as a truck driver, beginning in

---

[1] 42 U.S.C. § 12101, et seq.

[2] I have accepted as true all of the facts alleged in the Complaint.

July 2003.  On December 24, 2004, plaintiff became sick at work, and was taken to the hospital, believing he had suffered a stroke.  He was subsequently diagnosed with Multiple Sclerosis.  Plaintiff avers that he informed Air Contact of his diagnosis and pertinent information regarding his conviction.  His neurologist provided a medical release, but stated that Mr. Murline would only be able to work if his truck was air conditioned so that the temperature inside would be stabilized.

Defendant allegedly refused to accommodate plaintiff's request for an air conditioned truck, stating that it would then have to provide air conditioning in all Air Contact trucks.  Nevertheless, plaintiff returned to work on March 15, 2005, and worked alongside his supervisor.  When plaintiff returned to the terminal, he was informed that he was not allowed on Air Contact premises while still on medical leave.

On April 1, 2005, Air Contact Human Resources Director Donna Benevice sent plaintiff a letter stating that based on Air Contact policy, he would be considered for an accommodation under the ADA.  On April 21, 2005, plaintiff's doctor, Douglas Nathanson, completed an Employee's Medical Certification Form for defendant, describing plaintiff's condition, his limitations, and the accommodations needed to allow him to perform his job.  On April 29, 2005, despite the medical certification, plaintiff was terminated by Air Contact.  Plaintiff alleges this employment action was taken without any attempt to accommodate for his disability; no effort was made even to use existing company benefits to enable plaintiff to continue working for defendant in any capacity.

2

Plaintiff contends that he was terminated out of concern that because of his disability he would require further accommodation in order to continue working.  He filed an administrative claim of disability discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the Pennsylvania Human Relations Commission ("PHRC").  Mr. Murline's charge of discrimination was executed on June 4, 2005, and was sent to the EEOC on June 6, 2005.  The EEOC issued a Notice of Right to Sue on March 15, 2006.

Plaintiff filed a praecipe for summons with the Court of Common Please of Lehigh County, Pennsylvania on June 19, 2006, and a summons issued the same day but was not served on Air Contact until July 15, 2006.  (See Certification of Steven R. Weinstein, Air Contact Br., Attachment #2 (hereinafter "Weinstein Aff."), Ex. A.)  Air Contact removed the praecipe for summons to this Court.  On September 11, 2006, I remanded the case without prejudice to state court on the ground that a praecipe for summons did not constitute an "initial pleading" sufficient to trigger the removal statute.  (See Weinstein Aff., Ex. F.)

Plaintiff filed the Complaint at issue in the Court of Common Pleas of Lehigh County on or about March 9, 2008, well over one year after the case was first remanded to state court.  On March 27, 2008, defendant removed the case, once again, to this Court. Air Contact then filed the present motion to dismiss, alleging insufficiency of process and failure to state a claim.

## II.   MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor.  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1164-65 (3d Cir. 1987).

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted."  Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999).

A complaint should not be dismissed on a 12(b)(6) motion if the claim is adequately stated and if the factual allegations raise a right to relief "above the speculative level."  Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1965 (2007).  "A well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely."  Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (internal quotations omitted).  However, "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element."  Id.  To state a claim, Federal Rule of Civil Procedure 8(a)(1) "requires not merely a short and plain statement, but instead mandates a statement showing that the pleader is entitled to relief."  Phillips v. County of

<u>Allegheny, et al.</u>, 515 F.3d 224, 234 (3d Cir. 2008).  A formulaic recitation of the elements of a cause of action will not suffice.  "[T]here must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."  <u>Id.</u> at 234-35.  The issue, therefore, is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer further evidence to support its claims.  <u>Scheuer</u>, 416 U.S. at 236; <u>see also</u> <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000).

In a 12(b)(6) motion, courts generally consider the allegations contained in the complaint, exhibits attached to the complaint, and public records of which the court may take judicial notice.  <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

## III.   DISCUSSION

Defendant argues that Mr. Murline has failed to comply with the filing requirements of 42 U.S.C. § 2000e-5(f)(1)[3] by filing his initial praecipe for summons outside the 90-day period allotted for acting on complaints of discrimination after the EEOC issues a Notice of Right to Sue.  <u>See</u> <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147, 149 (1984) (holding that plaintiff must initiate an action by filing a complaint that meets the minimum requirement of Fed. R. Civ. P. 3 within the 90-day period).

---

[3]The ADA incorporates by reference Title VII's "powers, remedies, and procedures."  42 U.S.C. § 12117 (2000).  The relevant parts of Title VII are then codified at 42 U.S.C. § 2000e-5(f)(1).  <u>Ebbert V. Daimlerchrysler Corp.</u>, 319 F.3d 103, 108 (3d Cir. 2003).

Plaintiff does not dispute defendant's calculation of the 90-day period as it applies to this case, which indicates that plaintiff filed his complaint 93 days after receiving the right-to-sue letter.  (See Air Contact Br. 6-7.)  Nor does the plaintiff request this Court to apply equitable tolling principles to allow his case to move forward.  Indeed, the fact that Mr. Murline waited so long to file the Complaint in this case would undermine any plea for leniency, had such a plea been raised at all.  See, e.g., Lovelace v. Acme Markets, Inc., No. 86-5928, 1988 U.S. Dist. LEXIS 576 (E.D. Pa. Jan. 21, 1988) (finding that the 90-day period was not jurisdictional and could be tolled, but holding that plaintiff had not shown that tolling was warranted).  "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."  Baldwin County, 466 U.S. at 151.

Under the present circumstances, I must adhere to the substantial authority requiring strict application of the 90-day deadline of Section 2000e-5.  See, e.g., Mosel v. Hills Dep't Store, 789 F.2d 251, 253 (3d Cir.1986); Joritz v. Edinboro Univ. of Pennsylvania, 2008 U.S. Dist. LEXIS 48365 (W.D. Pa. June 23, 2008); Griffith v. Philadelphia Prison Systems, No. 99-6338, 2001 U.S. Dist. LEXIS 11511, at *4 (E.D. Pa. May 22, 2001); Montecalvo v. Trump's Taj Mahal Casino, No. 97-3876, 1997 U.S. Dist. LEXIS 19199, at *3 (E.D. Pa. Nov. 26, 1997) ("The ninety-day filing period acts as a statute of limitation in Title VII cases and cannot, in the absence of equitable considerations, be extended even one day.") (citing Mosel, 789 F.2d at 253; Hicks v. Arthur, 843 F. Supp. 949, 956 (E.D. Pa. 1994). "Procedural requirements established by

Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants." <u>Baldwin County</u>, 466 U.S. at 152. In this case, absent any argument from the plaintiff, I find that the statute of limitations bars the action, and that equitable tolling is not warranted. I will therefore dismiss the complaint.

## V.    CONCLUSION

In light of the forgoing, I will grant defendant's motion. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN MURLINE,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 08-1482** |
| | : | |
| **AIR CONTACT TRANSPORT, INC.,** | : | |
| **Defendant** | : | |

**O R D E R**

**STENGEL, J.**

     **AND NOW**, this 24th day of July, 2008, upon consideration of defendant Air Contact Transport, Inc.'s Motion to Dismiss (Document #9), and plaintiff's response thereto, it is hereby **ORDERED** that the motion is **GRANTED**.  The plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

     The Clerk is directed to mark this case **CLOSED** for all purposes.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.